IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE FENTON, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>)<br>SUPERINTENDENT MICHAEL )<br>CLARK, )<br>)<br>Respondent )<br>)<br>)<br>) | Case No. 1:20-cv-00069 (Erie)<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>OPINION AND ORDER ON<br>RESPONDENT'S MOTION TO DISMISS<br>PETITION FOR WRIT OF HABEAS<br>CORPUS (ECF No. 10) |

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Eugene Fenton (Fenton) pursuant to 28 U.S.C. § 2254. ECF No. 4. He is challenging the judgment of sentence imposed upon him on January 30, 2009, by the Court of Common Pleas of Crawford County, Pennsylvania, at its criminal docket number CP-20-CR-001034-2007. Respondent filed a Motion to Dismiss, arguing that Fenton's petition is barred by the applicable statute of limitations. ECF No. 10. For the reasons that follow, the Respondent's motion will be granted and Fenton's petition will be dismissed.[1]

I.   Factual Background

The Court takes the following factual background from the Pennsylvania Superior Court's opinion addressing Fenton's appeal from the denial of his third petition for post-conviction relief:

> On November 20, 2008, a jury convicted [Fenton] of third-degree murder and aggravated assault in connection with the October 23, 2007 death of an eleven-month-old child. [Fenton] was watching the baby alone while the child's mother, [Fenton's] girlfriend, was at work, and [Fenton] caused serious injuries to the child. When the baby's mother returned home the following morning, the child was whimpering and moaning. She called an ambulance, and the baby was

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. *See* ECF No. 13, ECF No, 16.

1

>transported to the hospital, where he underwent surgery but died from his injuries to his brain.

*Com. v. Fenton*, 2015 WL 6954382, at *1 (Pa. Super. Ct. Nov. 9, 2015).

II.  Procedural Background

In December of 2007, Fenton was charged by criminal information with violations of 18 Pa. C.S.A. § 2501(a) (criminal homicide); 18 Pa. C.S.A. § 2702(a)(1) (aggravated assault); 18 Pa. C.S.A. § 2705 (reckless endangerment); and 18 Pa. C.S.A. § 4304 (endangering welfare of a child).[2] *See* ECF No. 10-4. Fenton was found guilty of criminal homicide in the third degree and aggravated assault on November 20, 2008. He was sentenced to a term of not less than twenty years on his murder conviction. The state court merged his aggravated assault conviction with his murder conviction for sentencing purposes. Fenton did not file a direct appeal to the Pennsylvania Superior Court.

On January 4, 2010, Fenton filed, with the assistance of counsel, a petition seeking post-conviction relief in the Crawford County Court of Common Pleas pursuant to 42 Pa. C.S.A. § 9541 (PCRA). The state court dismissed Fenton's petition on June 7, 2010. No appeal from that dismissal was filed. Fenton then filed a second PCRA petition on November 20, 2010. He alleged that his attorney was ineffective for not filing an appeal of the June 7, 2010 order dismissing his first request for post-conviction relief. Counsel was appointed and, on November 10, 2011, the state court granted Fenton's petition. As relief, Fenton was permitted to file an appeal, *nunc pro tunc*, from the June 7, 2010 dismissal of his first post-conviction petition. Fenton filed his appeal to the Superior Court on November 14, 2011. On July 13, 2012, the Pennsylvania Superior Court affirmed

---

[2] The procedural history of this case is taken directly from the Crawford County Court of Common Pleas criminal docket sheet for Fenton's underlying conviction in *Commonwealth v. Fenton*, No. CP-20-CR-01034-2007 (Crawford Cnty. Com. Pl. 20097), available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-20-CR-0001034-2007&dnh=wpxUsBkDOLGCDL%2bLbD1pEg%3d%3d (last visited November 17, 2020). The Court will utilize the citation "Cm. Pleas Ct. Docket" where necessary to refer directly to that docket. Citations to a specific page contemplate the page number as listed on the state court docket.

the dismissal of Fenton's original PCRA petition. Fenton did not file a petition seeking allowance of appeal to the Pennsylvania Supreme Court.

Fenton then filed a third PCRA petition on November 8, 2013. That petition was dismissed by the state court on May 14, 2014. Fenton appealed to the Superior Court, which affirmed the dismissal on November 9, 2015. Fenton did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

Fenton filed the instant petition for habeas corpus relief with this Court on February 18, 2020.[3] ECF No. 1. The Respondents filed a motion to dismiss the petition on July 28, 2020. ECF No. 10. Fenton was given multiple opportunities to respond to the Respondents' motion— first until October 2, 2020, and then again until January 26, 2021. See ECF No. 15, ECF No. 20. He has not done so. The Court will therefore consider his petition as well as the Respondents' motion without Fenton's response.

III.    Petitioner's Claims

Fenton's petition raises three grounds for relief. First, he argues that his sentence was erroneously imposed due to his lack of a prior criminal record. ECF No. 4, p. 6. Next, he raises a layered ineffective assistance of counsel claim. *Id.* p. 7. Finally, Fenton asserts "newly discovered evidence/facts mandatory minimum sentence, RRRI eligible" as grounds for relief. *Id.*, p. 8. The Respondents argue that Fenton's habeas petition is untimely and should be dismissed because it was filed beyond one year after Petitioner's conviction became final. *See* ECF No. 10, ¶ 18-23.  As discussed below, certain of Petitioner's claims fail to state grounds for habeas relief and, as to all claims, the petition is untimely.

---

[3] Although the petition was received on March 30, 2020, and docketed on April 22, 2020, the federal court deems a *pro se* petitioner's habeas petition filed when he delivers it to prison authorities for mailing, which here was February 18, 2020. *See* ECF No. 4, p. 14; *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998) (citing *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988)). *See also Ford v. Wenerowicz*, 2010 WL 2710702, at *2 (E.D. Pa. Apr. 16, 2010), *report and recommendation adopted*, 2010 WL 2710719 (E.D. Pa. July 8, 2010).

3

IV.    Analysis

    A.  The AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *See Caldwell v. Mahally, et al.*, 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine

whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.*

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). The Court will, therefore, separate Fenton's claims for analysis of their timeliness. Before reviewing his claims for their timeliness, however, the Court must first determine whether Fenton's grounds for relief are cognizable for purposes of habeas review. A claim must be "cognizable" for purposes of federal habeas review, which constricts a federal court's review to the determination whether a conviction violated federal law. *King v. Mahally*, 2019 WL 3558028, at *10–11 (E.D. Pa. June 11, 2019), *report and recommendation adopted*, 2019 WL 3548922 (E.D. Pa. Aug. 2, 2019). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991). Here, Fenton's first claim does not implicate federal law.

B.   First Ground for Relief: Sentencing Error

Fenton states his first ground for relief as follows: "Sentencing was wrong (sentence modification)." ECF No. 4, p. 6. In support, he states that "I was sentenced to 20 to 40 years. I had a prior record score of 0 before this case. I believe my sentence should have been 7.5 to 15 years, possibly a 10 to 20 years." *Id.* Because Fenton contends the Pennsylvania state court violated or misapplied state law in failing to give him credit for his lack of a criminal record, he has asserted a state law claim that is not cognizable on federal habeas review. *See, e.g., Brown v. Fields*, 2020 WL 6742882, *3 (D. Del. Nov. 17, 2020) (citing *Estelle*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review).

To state a cognizable federal habeas claim based on an alleged state sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Simply stated, Fenton has failed to demonstrate that the failure to credit his lack of a criminal record on his Pennsylvania sentence denied him due process of law. Here, Fenton does not allege that the sentence imposed exceeded statutory limits, that the state court's sentence was arbitrary, or that any particular constitutional right was violated, nor did he raise such arguments on direct appeal; indeed he did not file a direct appeal. *See, e.g, Foss v. Superintendent of SCI Fayette*, 2020 WL 2141800, at *10 (E.D. Pa. Feb. 28, 2020), *report and recommendation adopted*, 2020 WL 2126886 (E.D. Pa. May 5, 2020). Thus, construed as a claim of sentencing error, it is not cognizable in a habeas proceeding and will be dismissed.

  C. Second Ground for Relief: Ineffective Assistance of Counsel.

As a second ground for relief, Fenton asserts what he identifies as a "layered" ineffective assistance of counsel claim. ECF No, 4, p. 7. The Petition states:

> Trial attorney Bruce Barrett did not want my case. [He] filed several motions asking to be removed from my case. Second attorney (appeals) only filed a PCRA waived all my direct appeals and post appeal rights. Third attorney Edward Hatheway amended my pro se PCRA and only appealed court's decision on first PCRA.

*Id.* The basis for this claim is scant. Fenton states only that his "attorney filed a PCRA, waived all my direct appeal rights."[4] ECF No. 18, p. 7. This claim will be dismissed to the extent Fenton asserts that his post-conviction counsel was ineffective, because such claims are not cognizable in federal habeas proceedings. Put simply, there is no federal constitutional right to counsel in collateral proceedings, and freestanding claims of ineffective assistance of post-conviction counsel

---

[4] The state court docket indicates that John B. Elbert, Esq., filed the first post-conviction petition on Fenton's behalf on January 10, 2010.

6

are not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Fenton does not reference Attorney Barrett's ineffectiveness, only his unwillingness to provide representation at trial, thus failing to state an ineffectiveness claim. And even had Fenton sufficiently raised ineffectiveness against Barrett, that claim would be untimely.

An ineffectiveness claim against Attorney Barrett would not implicate newly enunciated constitutional rights and is not based on facts that were discovered later. Furthermore, there were no state-created impediments that prevented Fenton from raising this claim sooner. *See, e.g., Wegemer v. Gilmore*, 2019 WL 6465366, at *4 (W.D. Pa. Dec. 2, 2019). Consequently, the "trigger date" for this claim is the date on which Fenton's judgment of sentence became final. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court).

Because Fenton did not file a direct appeal, his conviction became final on March 2, 2009, which marks the day after the expiration of the thirty-day appeal period in Pennsylvania. Pa. R. Crim. P. 720(a)(3); *see e.g., Calhoun v. Pennsylvania*, 2020 WL 868199, at *1 (E.D. Pa. Feb. 20, 2020). The one-year ADEPA clock began to run on that date, allowing Fenton until March 2, 2010, to file a timely federal habeas petition. Fenton's habeas petition was filed on February 18, 2020, the date he signed it and gave it to prison officials for mailing. *See, e.g., Scales v. Atty. Gen. of Penna.*, 2018 WL 3823779, *1 (W.D. Pa. Aug. 10, 2018). Thus, his petition was filed almost ten years too late.

Because Fenton sought federal habeas relief well outside the one-year limitations period, his

7

petition is statutorily time-barred. He offers no argument to the contrary.[5] Given this deficiency, the Court must determine whether he can take advantage of the statutory tolling provision set out in Section 2244(d)(2) before dismissing this claim as untimely.

1. Statutory Tolling

Although Fenton is entitled to some statutory tolling, his claim is still untimely. Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Fenton filed his first PCRA petition on January 4, 2010, by which time 308 days of his one-year limitations period had expired (March 2, 2009 through January 4, 2010). Those proceedings were "properly filed" and remained pending until August 13, 2012. This was the day after the time expired for Fenton to file a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See generally* ECF No. 10-11 (*Commonwealth v. Fenton*, 1841 WDA 2011 (Pa. Super. Ct. July 12, 2012).[6] At that point in time, Fenton had 57 days (365 days – 308 days = 57 days) remaining to file a timely habeas petition, or until October 12, 2012. As previously noted, he did not file his habeas petition until February 18, 2020, nearly a decade after the statute of limitations expired. Thus, despite the application of some statutory tolling, his petition is untimely.

To the extent Fenton attempts to argue that he is entitled to statutory tolling for the time his

---

[5] It is appropriate where, like here, the habeas petitioner has been put on notice of a statute of limitations defense, to place some burden on him or her to show why the petition is timely. *See, e.g., Sprankle v. Gilmore*, 2020 WL 5760354, at *4 (W.D. Pa. Sept. 28, 2020) (citing *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), *abrogation on other grounds recognized in, Moreno v. Harrison*, 245 Fed. Appx. 606 (9th Cir. 2007). *See also Jackson v. Secretary for Dept. of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002); *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002)("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").

[6] The Superior Court recounted the procedural history of Fenton's post-conviction litigation. ECF No. 10-11, p. 4. Fenton's original petition was dismissed on June 7, 2010, and no appeal of that decision was taken. *Id.* Acting pro se, Fenton filed a second PCRA petition, arguing that counsel was ineffective for not appealing the dismissal of his first petition. *Id.* The PCRA court agreed and granted Fenton relief in the form of permitting him to appeal the dismissal of his first petition *nunc pro tunc*. *Id.* Fenton filed an appeal on November 14, 2011. *Id.*

third PCRA petition was pending, he is mistaken. Not only was that petition filed years beyond the date his habeas petition was due, Fenton's third PCRA petition was dismissed by the state court as untimely and thus it was not "properly filed" within the meaning of section 2244(d)(2). *See* ECF No. 10-113; s*ee also Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003); *Artuz v. Bennett*, 121 S. Ct. 361, 364 (2000) (An application for state post-conviction relief or collateral review is "properly filed" as required to toll AEDPA's statute of limitations period for filing a federal habeas petition "'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]' notwithstanding the substance or merits of the claims contained within the application itself."). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (a federal court is bound by a state court's finding that a petitioner's PCRA petition was untimely, even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar).

2. Equitable Tolling

Next, the Court must consider whether AEDPA's statute of limitations should be equitably tolled. *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). That the state court granted Fenton's second petition for post-conviction relief might, at first, implicate equitable tolling.

The Supreme Court has held that the habeas time bar is not jurisdictional, but instead subject to equitable tolling. Nevertheless, AEDPA's one-year limitations period may be equitably tolled only in extraordinary situations. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). *See also Severs v. Atty. Gen. of New Jersey*, 2019 WL 5704591, at *2 (3d Cir. Nov. 9, 2019) (citing *Holland*). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). To receive the benefit of equitable tolling, however,

9

Fenton must show that he (1) pursued his rights diligently, and (2) that extraordinary circumstances prevented him from filing a timely petition. *Id.* at 649. The Court of Appeals for the Third Circuit has advised that:

> [t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," *Seitzinger v. Reading Hosp. & Medical Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." *Miller [v. New Jersey State Dept. of Corr.]*, 145 F.3d [616, 618 (3d Cir. 1998)].

*Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012). In reopening Fenton's PCRA case, the state court judge concluded that "the uncontradicted evidence is that the defendant asked his mother to advise his attorney that he wished to appeal this Court's determination that he was not entitled to PCRA relief and his mother then advised his attorney of that request. Counsel did not file the appeal and the defendant is entitled to now appeal from this Court's Order of June 7, 2010, *nunc pro tunc*." ECF No. 10-10, p. 5. Thus, Fenton appears to have been diligent in pursing his appeal rights, and his belief that his lawyer was filing an appeal was an extraordinary circumstance that likely prevented Fenton from doing so himself. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013) ("One potentially extraordinary circumstance [for equitable tolling purposes] is where a prisoner is 'effectively abandoned' by his attorney." (quoting *Holland v. Florida*, 560 U.S. 631, 651 (2010))). But even giving Fenton every benefit of the doubt and applying equitable tolling until August 13, 2012, the limitations period still expired on October 12, 2012, and his petition is late by approximately eight years.

    D.    Third Ground for Relief: Newly Discovered Evidence

In his last ground for relief, Fenton states that his petition should be granted based on "newly discovered evidence/facts mandatory minimum sentence, RRRI Eligible." ECF No. 4, p. 8. In support, he asserts only "3rd murder and agg. assault both carry man. Minimum. Also RRRI

10

eligible, no history of violence." *Id.* Fenton does not identify or provide any specifics as to the nature of this newly identified evidence. Instead, he states only that "my attorney's (sic) did not appeal. Also just learned about RRRI and man. sentence's (sic)." *Id.* Given this paucity of information, it is difficult to identify Fenton's ground for relief and analyze its timeliness.

To the extent he is raising a claim of newly discovered evidence, the habeas statute provides for alternative dates for the commencement of the habeas limitations period. 28 U.S.C. § 2244(d)(1)(D) ("date on which the factual predicate of the claim … could have been discovered through the exercise of due diligence"). *See, e.g., Thompson v. Ransom*, 2019 WL 8641159, at *2 (E.D. Pa. Oct. 10, 2019), *report and recommendation adopted*, 2020 WL 2098109 (E.D. Pa. May 1, 2020). But Fenton does not present new evidence or state what the new evidence would be. His suggestion in his petition that his attorney "did not appeal" likely is in reference to his first post-conviction petition and thus, could arguably implicate subsection (D). This argument fails, however, because to satisfy subsection (D) a petition must identify a factual predicate for his claim that he could not reasonably have discovered at the time of his trial. *Thompson*, 2019 WL 8641159, at *2. Because Fenton presents no new evidence of any kind, his claim is not eligible for the benefit of a later start date.

Fenton also mentions "mandatory minimums" in this last ground for relief. He does not point to any specific starting point for this claim under AEDPA, but to the extent this claim could be construed as arguing that his mandatory minimum sentence violated *Alleyne v. United States*, 570 U.S. 99 (2013), it is untimely. Fenton's judgment of sentence because final years before *Alleyne* was decided. Therefore, the rule announced in that case does not apply to his claim. *See United States v. Reyes*, 755 F.3d 210, 213 (3d Cir. 2014) (holding that *Alleyne* is not to be applied retroactively).

As set forth above, Fenton's judgment of sentence became final on March 2, 2009. That is the date that is relevant in conducting the retroactivity analysis required for the disposition of this

claim. *See, e.g., Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("[a] state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied.")).

Under *Teague v. Lane*, 489 U.S. 288 (1989), a state prisoner seeking habeas relief in federal court may not rely on a "new" constitutional rule of criminal procedure that was announced after the date of his judgment of sentence became final. As discussed above, Fenton's judgment of sentence became final on March 2, 2009. That was well before the Supreme Court decided *Alleyne* in 2013. Therefore, the new rule announced in *Alleyne* does not apply retroactively to cases on collateral review, such as this one. *Reyes*, 755 F.3d at 212-13. The Supreme Court of Pennsylvania has held the same. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Because *Alleyne* does not apply retroactively to cases on collateral review, it cannot afford Fenton any relief, and this claim must be dismissed.

Finally, and without much explanation, Fenton states that he was "RRRI eligible." ECF No. 4, p. 8. Here, Fenton seems to argue that the state court's sentence erroneously concluded that he was not eligible for the Recidivism Risk Reduction Initiative (RRRI) program. As was noted above, claims attacking a petitioner's sentence—including claims relating to RRRI eligibility—are not cognizable habeas claims. *See Petrov v. Walsh*, 2012 WL 2308622, at *13 (M.D. Pa. May 4, 2012), *report and recommendation adopted*, 2012 WL 2283732 (M.D. Pa. June 18, 2012) (holding that claims that a petition should have been found eligible for Pennsylvania's RRRI program are without merit) (citing *Lewis v. Wilson*, 748 F. Supp.2d 409, 416 (E.D. Pa. 2010) ("claims based upon state law are not cognizable" in a § 2254 habeas petition) (citations omitted).

V.   Conclusion

For the foregoing reasons, the Respondent's Motion to Dismiss the instant Petition will be granted and the petition will be dismissed because it is time-barred. Fenton did not file the § 2254 petition within the one-year AEDPA statute of limitations and no tolling or other exceptions apply to his petition. In addition, several of Fenton's claims fail to state a basis for habeas relief.

VI.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Fenton's petition should be dismissed because it is time-barred, lacks merit, or is procedurally defaulted. Accordingly, the Court will not issue a certificate of appealability on any of Fenton's grounds for relief.

ORDER

AND NOW, this 12th day of February, 2021, for the reasons set forth in the Memorandum filed contemporaneously herewith, IT IS HEREBY ORDERED that Respondents' Motion to

13

Dismiss Petitioner Eugene Fenton's petition for federal habeas corpus relief (EFC No. 10) is GRANTED, Petitioner's petition is DISMISSED with prejudice, and a Certificate of Appealability is DENIED as to all claims raised in the petition. The Clerk of Court is directed to mark this case CLOSED as of this date.

    So ordered.

                                                       RICHARD A. LANZILLO
                                                       United States Magistrate Judge